IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**NATIONWIDE MUTUAL INSURANCE COMPANY**                          **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO.: 3:24-CV-00393-HTW-LGI**

**JAYESH PATEL; J&R INTERNATIONAL XIII LLC**
**J&R INTERNATIONAL IV LLC; DONASHAE**
**GRIFFIN SMITH; AND CLIFTON SMITH**                              **DEFENDANTS**

## ORDER

This matter is before the Court on Defendants Donashae and Clifton Smith's Motion to Stay Proceedings [21]. The court, having considered the submissions, the record, and the relevant law, finds that the Motion [21] is DENIED as discussed below.

## BACKGROUND

On January 22, 2016, Donashae Smith sustained injuries from the alleged negligent management and control of a gas station purportedly owned or operated by Jayesh Patel and J&R International XIII, LLC, ("J&R"), located at 550 Highway 80 West, Clinton, MS, 39056.[1] Doc. [1] at 15. On January 18, 2019, Donashae and Clifton Smith ("the Smiths") filed a lawsuit against Patel and J&R in the Hinds County Circuit Court seeking damages for Donashae's injuries. [1] at 16.[2]

Patel and J&R failed to answer the complaint, and, following a default judgment and a hearing on damages, a Final Judgment was entered on August 21, 2023, awarding the Smiths $260,000. [1] at 20. After Patel and J&R failed to pay or satisfy the judgment, the Smiths sought

---

[1] Plaintiff asserts that this gas station was owned or operated by J&R International IV, LLC at the time of the incident and J&R International XIII, LLC has never owned or operated the gas station. *See* [1] at 16.
[2] The Smiths' lawsuit only named J&R International XIII, LLC and Jayesh Patel as defendants, not J&R International IV, LLC. *See* [1] at 16.

1

out Nationwide Mutual Insurance Company ("Nationwide"), believing Patel and/or J&R were insured through a policy with them. [19-3].

However, Nationwide asserts it does not insure J&R International XIII, LLC, and only insures J&R International IV, LLC, whose coverage does not extend to J&R International XIII, LLC. [1] at 22. Additionally, Nationwide claims Patel was not a member of J&R International IV, LLC at the time of Donashae's incident or when the suit was filed and, therefore, does not qualify as an insured. [1] at 23.

Alternatively, Nationwide argues that if J&R and Patel qualify as insureds, Nationwide, nonetheless, does not owe defense and indemnity to J&R and is not required to satisfy the Judgment entered on behalf of the Smiths because J&R and Patel breached the terms of their policy which precludes coverage. [1] at II. Specifically, Nationwide asserts that J&R and Patel failed to notify the company of the potential claim until eight years after the event, thereby preventing Nationwide from investigating the claim. Nationwide asserts this violated the insurance contract, which requires timely disclosure. [1] at 25.

Seeking declaratory judgment, Nationwide filed this action to determine its rights and duties pertaining to J&R and Patel. It also names the Smiths as Defendants. [1]. The Smiths have not answered the complaint, but they filed a Motion to Dismiss [19], on November 19, 2024, requesting that this Court dismiss Nationwide's Complaint [1] under the Declaratory Judgment Act, 28 U.S.C. § 2201, because of the parallel action filed by the Smiths in Hinds County Circuit Court.[3] [20]. Two days later, the Smiths filed a Motion to Stay Proceedings [21] asserting that they raised a jurisdictional defense requiring this Court to grant a stay under Rule 16(b)(3) of the Local

---

[3] The Smiths filed an Amended Motion for Leave to File Supplemental Complaint in the Hinds County Circuit Court on November 18, 2024, wherein they sought to add Nationwide and another insurance company as defendants. *See* [19-4] at 1. In the supplemental complaint, the Smiths are also seeking a declaratory judgment from Hinds County Circuit Court regarding the insurance companies' coverage of J&R and Patel. *See* [19-4] at 8.

2

Uniform Civil Rules. Alternatively, the Smiths request this Court exercise its "broad discretion" pursuant to Rule 26 of the Federal Rules of Civil Procedure and stay discovery pending resolution of their Motion to Dismiss [19]. Doc. [21] at 8.

Nationwide opposes the Smith's Motion to Stay Proceedings [21], arguing that the Smiths have "not allege[d] the type of 'jurisdictional defense contemplated by L.U.Civ.R. 16(b)(3)(B)" and that discovery will not be sufficiently burdensome to justify the delay of the stay under Fed. R. Civ. P. 26. [26] at 3-5.[4]

## ANALYSIS

Defendants Donashae and Clifton Smith assert that their Motion to Dismiss [19] raises a jurisdictional defense authorizing this Court to stay proceedings pursuant to L.U.Civ.R. 16(b)(3)(B) or Fed. R. Civ. P. 26 pending the resolution of their Motion to Dismiss [19]. The Smiths' Motion to Dismiss [19] urges this Court to dismiss the action under the Court's discretion pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

Rule 16(b)(3)(B) of the Local Uniform Civil Rules provides that "[f]iling a motion . . . asserting an immunity defense or jurisdictional defense, stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal." L.U.Civ.R. 16(b)(3)(B). While Rule 16(b)(3)(B) imposes an automatic stay on the proceedings, the type of jurisdictional defense contemplated by the Rule has not been raised by the Smiths in their Motion to Dismiss [19]. Instead, the Smiths have only requested that this Court exercise its discretion and dismiss the action so that it may be litigated in the Hinds County Circuit Court.

---

[4] Nationwide asserts that "discovery is not needed for the Court to rule on questions of law involved with determining the scope and application of the insurance policy provisions at issue in this action for declaratory relief." [26] at 5.

The Declaratory Judgment Act "sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). The Act gives district courts discretion in deciding whether a case properly filed in federal court "can be better settled in the proceeding pending in state court." *Id.* at 282. Thus, for a district court to dismiss a case pursuant to the Declaratory Judgment Act, the court must first have proper jurisdiction over the case and, in its discretion, decide not to exercise jurisdiction.

The Smiths, in their Motion to Dismiss [19], failed to raise a jurisdictional defense that would authorize the requested stay because they did not assert that this Court is without jurisdiction over the matter, obligating it to grant the dismissal. Instead, the Smiths argue the Court should decline to exercise jurisdiction under the Declaratory Judgment Act, which is not a jurisdictional defense. Accordingly, the Smiths are not entitled to a stay under L.U.Civ.R. 16(b)(3)(B).

Alternatively, the Smiths request that this Court exercise its "broad discretion" to stay discovery pursuant to Fed. R. Civ. P. 26 pending resolution of their Motion to Dismiss [19]. Under Fed. R. Civ. P. 26, staying discovery for good cause is proper where the court finds that "further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011). For a plaintiff to show "good cause" under Rule 26(c), "courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Willis v. Keen*, No. 4:23-CV-197-DMB-JMV, 2024 WL 1291514 at *2 (N.D. Miss. Mar. 26, 2024) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101-02 (1981)). In deciding whether good cause exists, "courts consider (1) the breadth of discovery sought; (2) the burden of responding to that discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay." *Moore v. North Bolivar Consolidated*

*School District*, No. 4:23-CV-59-MPM-JMV, 2023 WL 4881911 at *1 (N.D. Miss. July 31, 2023) (internal quotations omitted).[5]

Here, the Smiths have only proposed stereotyped and conclusory statements in support of their argument that there is good cause to stay proceedings. For example: "There are multiple parties herein, such that, a lengthy discovery process is foreseeable." [21] at 8; *see also* [27] at 6. Again: "A stay on the proceedings . . . would prevent any significant, unnecessary expenditure of resources by the parties. Further, a stay on the proceedings would prevent any undue burden or inconvenience to the parties." [21] at 8; *see also* [27] at 7. The only specific demonstration the Smiths proffered for showing a burden is the possibility of deposing the parties and requesting documents. [27] at 7. However, these prospective "burdens" are not sufficient to stay the proceedings, as depositions and document requests regarding the parties are common in nearly every lawsuit and, therefore, cannot be demonstrative of an undue burden since they are not uncommon or excessive.

Moreover, the Smiths' desire for a stay of proceedings pursuant to Fed. R. Civ. P. 26 is not warranted because they have not presented evidence that the breadth of discovery sought is significant, nor have they shown a burden of responding to discovery. Additionally, the Smiths have not asserted that the strength of their dispositive motion is enough to outweigh the other factors and justify a stay.

---

[5] Defendants Donashae and Clifton Smith, in their Motion to Stay Proceeding [21], cited various cases in which the courts found good cause to issue a stay of discovery under Fed. R. Civ. P. 26. These cases were not persuasive for the following reasons: *Dowdy & Dowdy P'Ship v. Arbitron Inc.*, No. 2:09-CV-253-KS-MTP, 2010 WL 3893915 (S.D. Miss. Sept. 30, 2010) (stay of discovery requested pending ruling on motion to dismiss under Fed. R. Civ. P. 12(b)(6)); *Vanderlan v. Jackson HMA, LLC*, No. 3:15-CV-767-DPJ-FKB, 2017 WL 9360854 (S.D. Miss. Dec. 22, 2017) (stay of discovery requested pending ruling on motion to dismiss under Fed. R. Civ. P. 12(b)(6)); *Patterson v. City of McComb, Mississippi*, No. 5:18-CV-74-DCB-MTP, 2018 WL 4471778, at *1 (S.D. Miss. Sept. 18, 2018) (stay of discovery requested pending ruling on motion to dismiss asserting immunity defense); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404 (5th Cir. 1990) (stay of discovery requested pending ruling on motion to dismiss or motion for summary judgment asserting statute of limitations defense).

IT IS, THEREFORE, ORDERED that Defendants Donashae and Clifton Smith's Motion to Stay Proceedings [21] is DENIED.

**SO ORDERED**, this the 1st day of April, 2025.

                                                    /s/ LaKeysha Greer Isaac
                                                   UNITED STATES MAGISTRATE JUDGE